VILLANTI, Judge.
We reverse a final judgment entered against Thomas Riedlinger in his action against Annie Rousset for worthless checks she tendered pursuant to a condominium sale contract.
Riedlinger contracted to sell Rousset a condominium in Coral Gables. Pursuant to the contract, Rousset was to pay three nonrefundable deposits totaling $19,000 within forty days of signing the contract. Rousset paid Riedlinger $500 cash and then wrote checks totaling $18,500 for the remainder of the deposit. When Riedlinger attempted to cash the checks, they were all dishonored. Riedlinger sued Rousset for liquidated damages for breach of the sales contract as well as for treble damages for the worthless checks.
Rousset’s defense (and counterclaim, according to the pleadings) was that Ried-linger failed to set out certain mandatory disclosures in the sale contract as a “developer” under Florida’s Condominium Act (the Act)[1] and therefore the contract was voidable at Rousset’s option. Specifically, Rousset alleged that Riedlinger was the president of a development corporation that deeded to him four units of an eight-unit condominium. Significantly, Rousset admitted the allegations of the worthless check count but relied on her recission defense.
A bench trial was held, the transcript of which is not contained in our record, and the trial court ultimately entered its judgment against Riedlinger. The reason for the trial court’s decision is not contained in the final judgment, but an “appendix” to Riedlinger’s initial brief contains an unsigned memorandum[2] from the trial court explaining that Riedlinger is a developer as defined in the Act and moreover that he failed to comply with the Act’s disclosure *304 requirements, thereby entitling Rousset to rescind the contract.
The undisputed facts contained in the pleadings and as admitted even in Rous-set’s brief reveal that Rousset was not entitled to relief for any of Riedlinger’s alleged failures to disclose certain information. Under the Act, a developer[3] is subject to strict disclosure requirements; failure to comply with these requirements permits the buyer to void the contract and entitles the buyer to a refund of any deposit. § 718.503, Fla. Stat. (2003). A developer is “a person who creates a condominium or offers condominium parcels for sale or lease in the ordinary course of business.” § 718.103(16). Selling or leasing in the ordinary course of business means offering within one year more than seven units in a seventy-unit condominium or more than five units in a condominium of less than seventy units. Fla. Admin. Code R. 61B~15.007(2)(a). A person may also sell or lease in the ordinary course of business by participating in a “common promotional plan” that offers more than seven units in one year. Fla. Admin. Code R. 61B~15.007(2)(b). Rousset’s answer/counter-complaint alleged that Ried-linger personally sold only four units of an eight-unit condominium development. According to her own pleading, then, and even the argument Rousset advances on appeal, Riedlinger could not be a person who sells or leases condominiums in the ordinary course of business.
Because the pleadings to which we are limited do not establish Riedlinger personally (regardless of his status as president of a development corporation) sells or leases condominiums in the ordinary course of business, he is not a developer under the Act and is not subject to the developer disclosure requirements. Accordingly, Rousset could not avail herself of the right to rescind the contract, and the trial court should not have entered judgment in her favor. We therefore reverse the final judgment and remand for further proceedings.
Reversed and remanded.
WHATLEY and LaROSE, JJ., Concur.

. Ch. 718, Fla. Stat. (2003).

. This memorandum is not contained in the record on appeal. Nevertheless, Rousset in her answer brief states that she will rely on the "undisputed” facts from the pleadings and set forth in Riedlinger's brief; accordingly, she agrees that the trial court’s decision was based on its finding that Riedlinger was a "developer” under the Act and did not follow the disclosure requirements.

. Nondevelopers also are subject to certain disclosure requirements, which were met here.